UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARICELA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-207 |
| | § | |
| SANDOZ INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On September 16, 2010, the Court held a Show Cause Hearing in the above-styled action for Plaintiff Maricela Garcia to explain "why Plaintiff should be excused for failing to appear at the July 30, 2010" Initial Pretrial Conference ("IPTC").  At the Show Cause Hearing, the Court sua sponte dismissed this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The reasons for this dismissal are set forth below.

I.      **Jurisdiction**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because (1) Plaintiff brings a wrongful death action where it is facially apparent that damages exceeds $75,000 and (2) complete diversity exists because the remaining Defendants and Plaintiff.[1] (D.E. 1.)

II.     **Procedural Background**

This action was removed to this Court on June 18, 2010.  (D.E. 1.)  The Court held an Initial Pretrial Conference on July 30, 2010. (D.E. 3.)  Plaintiff failed to appear.   The Court

---

[1] The citizenship of the parties is as follows: Plaintiff Maricela Garcia is a citizen of Texas.  Defendant Sandoz, Inc. is a Colorado corporation with its principal place of business in New Jersey.  Defendant Novartis Pharmaceuticals Corp. is a Delaware corporation with its principal place of business in New Jersey.  Defendant ALZA Corp. is a Delaware corporation with its principal place of business in California.  Defendant Ortho-McNeil-Janseen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in New Jersey.  Defendant CIMA is a Delaware Corporation with its principal place of business in Pennsylvania.  Defendant CIMA has not been served with process. Defendant Cephalon, Inc. is a Delaware Corporation with its principal place of business in Pennsylvania.

entered an Order to Show Cause on August 3, 2010, requiring Plaintiff to appear before this Court by phone on September 16, 2010.  (D.E. 15.)  Plaintiff was notified of the hearing by phone, email, U.S. Mail, and FedEx.[2]  (D.E. 15.)  FedEx confirmed that the Order to Show Cause was received on August 4, 2010.  However, on September 16, 2010, Plaintiff failed to appear at the Show Cause Hearing.

## III.   Discussion

### A.   Failure to Prosecute

Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their dockets, and to dismiss suits for want of prosecution.  See Link v. Wabash Railroad Co., 370 U.S. 626, 630-32 (1962); Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8-9 (5th Cir. 1991); see also Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link, 370 U.S. at 632.  It is thus well established that "[a] district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order."  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute … [a district court may] sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (citations omitted).

---

[2] On August 3, 2010, the Court Clerk sent a copy of the Order to Show Cause by U.S. Mail and FedEx to Plaintiff. The Court received delivery confirmation from FedEx that the Order to Show Cause was received on August 4, 2010.

###### B.      Plaintiff has Failed to Prosecute this Action

In this case, Plaintiff has violated this Court's Order for Conference, Order to Show Cause, and has otherwise failed to prosecute this action.

First, Plaintiff failed to attend the IPTC.  This Court's Order for Conference and Disclosure of Interested Parties ("Order for Conference") states that "Counsel or Pro Se Party shall appear for an initial pretrial and scheduling conference."  (D.E. 2, ¶ 1.)  Plaintiff's failure to attend the IPTC is a violation of this Court's Order.    (D.E. 2, ¶ 1.)  This Court's Order for Conference states that "[f]ailure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs."  (D.E. 2, ¶ 10.)

Second, after Plaintiff failed to appear at the IPTC, this Court entered an Order to Show Cause, finding that "Plaintiff must appear before this Court by phone on September 16, 2010 at 1:15 p.m. to show cause why Plaintiff should be excused for failing to appear at the July 30, 2010 IPTC."  (D.E. 15.)  The Court Clerk gave Plaintiff notice of this Order by phone, email, U.S. Mail and FedEx.  On September 16, 2010, Plaintiff again failed to appear at a hearing set by this Court, violating this Court's Order to Show Cause.  (D.E. 15.)

Third, Plaintiff failed to file a certificate of interested parties.  This Court's Order for Conference clearly states that "Counsel shall file with the clerk within 15 days from receipt of this order a certificate listing all persons . . . that are financially interested in the outcome of this litigation."  (D.E. 2, ¶ 2.)  The Order for Conference explains that this certificate is important "for the purpose of the court determining possible conflicts."  (D.E. 2, ¶ 2.)  The Order for Conference was entered on June 21, 2010.  The certificate of interested parties was due on Tuesday, July 6, 2010.  Plaintiff never filed a certificate of interested parties in clear violation of this Court's Order for Conference.  (D.E. 2.)

Forth, Plaintiff failed to participate in the Federal Rule of Civil Procedure 26(f) Report. (D.E. 9.)  Rule 26(f) requires parties to confer to "consider the nature and basis of their claims and defenses and the possibility for promptly settling or resolving the case."  Fed. R. Civ. P. 26(f)(2).  "[P]arties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held."  Fed. R. Civ. P. 26(f)(1).  After the conference, but before the IPTC, parties are required to file a joint report with the Court.  See Fed. R. Civ. P. 26(f)(2). The Order for Conference requires that "counsel shall prepare and file not less than 10 days before the [IPTC] a joint report of meeting and joint discovery/case management plan." (D.E. 2, ¶ 4.)  In this case, Plaintiff failed to participate in the joint discovery/case management plan in violation of this Court's Order for Conference and the Federal Rules of Civil Procedure.

As noted above, "[a] district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order."  See Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Thus, this Court finds that dismissal is appropriate for Plaintiff's multiple violation of this Court's Order for Conference, Order to Show Cause, and the Federal Rules of Civil Procedure.

## IV.   Conclusion

For the reasons stated above, this action is DISMISSED in its entirety for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED and ORDERED this 23rd day of September, 2010.

Janis Graham Jack
United States District Judge